IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

FILED
MAR 27 2023
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| **Pamela Albretch**, as the mother and next of kin of **Austin Skyler McMillan**, deceased ) ) | |
| Plaintiff ) ) | Case No. 3:23-cv-107 |
| ) | Jury Demanded McDonough/McCook |
| v. ) ) | |
| **Knox County, Tennessee, Randy Travis** in his individual capacity, **Joshua Bartols** in his individual capacity and _____ **Morrison** in his individual capacity ) ) ) ) ) | |
| Defendants ) | |

## COMPLAINT

Plaintiff, Pamela Albretch, mother and next of kin of Austin Skyler McMillan, by and through counsel, and for her Complaint against Defendants, avers as follows:

### Nature of action

1. Plaintiff brings this action under 42 U.S.C. Section 1983 and the Eighth and Fourteenth Amendments to the United States Constitution to recover money damages for the wrongful death of Austin Skyler McMillan, a 25 years old man who died on March 26, 2022, at the Knox County Detention Center from: (1) starvation (2) pneumonia (3) heart failure and (4) other causes yet to be determined.

1

## Jurisdiction and venue

2. Plaintiff brings this action under 42 U.S.C. Section 1983.

3. This Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343(a)(3).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367(a).

5. Venue is proper in this Court under U.S.C. Section 1391 (b) because Defendants reside in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

6. Plaintiff Pamela Albretch is the mother and next of kin of Austin Skyler McMillan (hereafter Decedent or Skyler), who died on March 26, 2022, at the age of 25 while in custody of the Knox County, Tennessee, Sheriff's Department.

7. Plaintiff is the proper person to bring this wrongful death action under Tenn. Code Ann. Section 20-5-106(a) and federal law.

8. Defendant Randy Travis (Travis) was at all times material hereto a sheriff's deputy or other employee with the Knox County Sheriff's Department. Defendant Randy Travis is a "person" under 42 U.S.C. Section 1983 and, at all times relevant to this case, acted under color of state law. Defendant Randy Travis is sued in his individual capacity.

9. Defendant Joshua Bartol (Bartol) was at all times material hereto a sheriff's deputy or other employee with the Knox County Sheriff's Department. Defendant Joshua Bartol is a "person" under 42 U.S.C. Section 1983 and, at all times relevant to this case, acted under color of state law. Defendant Joshua Bartol is sued in his individual capacity.

10. Defendant (unknown) Morrison (Morrison) was at all times material hereto a sheriff's deputy or other employee with the Knox County Sheriff's Department. Defendant

Morrison is a "person" under 42 U.S.C. Section 1983 and, at all times relevant to this case, acted under color of state law. Defendant Morrison is sued in his individual capacity.

11. Defendant Knox County, Tennessee, is a unit of local government organized under the laws of the State of Tennessee. The Knox County Sheriff's Department is a unit thereof.

## Facts

12. On or about January 19, 2022, Plaintiff called the Knox County Sheriff's office to ask for help with her son who was beating on her door and she feared that he might injure her. Her son was 6'6" tall, very strong and was suffering from various mental and physical problems for which he received prescribed medication but had not taken the medication as directed. Plaintiff's son suffered from heart problems, autism, paranoia, schizophrenia, had suicidal tendencies and was bi-polar.

13. Plaintiff had on other occasions called the sheriff's department for help with her son due to his problems and propensity to get violent.

14. The Knox County Sheriff's Department was familiar with Austin Skyler McMillan as he had been arrested by them on more than one occasion for various offenses.

15. Plaintiff's son, Decedent herein, despite being 6'6" tall, weighed only 175 pounds at his death, while weighing 195 when he was taken into custody some two (2) months earlier. His metabolism was such that he was always hungry and needed large amounts of food to maintain his health.

16. Following Plaintiff's call to the sheriff's department for help with her son, he was arrested, charged with violation of probation and assault, and taken to the Knox County Jail or Detention Center where he was incarcerated.

17. During his incarceration he continually told his jailers that he was starving and asked for additional food, which was denied him.

18. During his incarceration he developed a cough, lung congestion, tightness in his chest and had difficulty breathing, but was not treated for those problems, despite almost continually asking the jailers for medical help.

19. Upon information and belief, either due to lack of training or indifference, the Defendants Travis, Bartol and Morrison failed to place Skylar under medical supervision or get him the medical help and medication he needed.

20. On March 26, 2022, Decedent was on his way to the medical clinic for help when he was found in distress by Morrison outside his jail cell. Shortly thereafter he fell unconscious. Morrison thereupon commenced rubbing his chest and called "Code Blue". Then officers Travis and Bartol arrived at the scene and stood around, as Travis was laughing at Skyler, while neither of them offered help. Officers Bartol and Morrison saw that Skyler was unconscious and did virtually nothing to assist him in his distress. Finally, after waiting for 4-5 minutes doing nothing other than rubbing Decedent's chest, officer Morrison started CPR. When medical help arrived, CPR was continued and electrical paddles, breathing apparatuses and Narcan were all tried in a botched effort to revive him. Skyler was then transported to the hospital where he was declared dead.

21. As of the 19th day of January, 2022, and the following days until his death on March 26, 2022, Skyler was in need of specialized medical treatment and care to monitor his symptoms and alleviate the pain and discomfort he was experiencing due to his various medical conditions, i.e., heart pain and tightness, difficulty breathing, coughing, pneumonia and starvation.

22. During the period of his incarceration on January 22, 2022, until the time of his death on March 26, 2022, Decedent continued to report and ask for medical help on an almost daily basis; however, his pleas for treatment and care were mostly ignored and/or refused and misdiagnosed by Defendant and its employees.

23. Defendant, its agents and employees, specifically officers Travis, Bartol and Morrison, with knowledge of Decedent's medical needs, and/or with deliberate indifference to such medical needs, acted or failed to act in such a way as to deprive Decedent of necessary and adequate medical care, thus his health and well-being was endangered, resulting in his death. Such acts and omissions of the Defendants, and

4

each of them, violated rights secured to the Decedent and Plaintiff under the Eighth, and Fourteenth Amendments to the United States Constitution.

24. Defendant Knox County, it's agents and employees, with knowledge of Decedent's medical needs had a duty under the Eighth and Fourteenth Amendments to the United States Constitution to instruct, supervise and train their employees and agents to insure the delivery of adequate medical care to the decedent, Austin Skyler McMillan, consistent with the standards of medical care in the State of Tennessee as a whole.

25. Defendant Knox County, knowing of the medical needs of Decedent or with deliberate indifference to such needs, failed to instruct, supervise and train its employees and agents in such a manner as to assure the delivery of medical care to Decedent which is consistent with the standards of medical care in the State of Tennessee as a whole, thus endangering Decedents health and well-being in violation of rights secured to Decedent, Plaintiff and members of Plaintiffs class by the Eighth and Fourteenth Amendments to the United States Constitution.
26. Defendants' above-mentioned actions and/or omissions were negligent and/or reckless and/or intentional.

27. The Defendants' above-mentioned actions and/or omissions were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages of the State of Tennessee, the County of Knox and/or Knox County Sheriff's Department.

28. Defendants Travis, Bartol and Morrison, and other correctional officers, observed Decedent in medical distress on more than one (1) occasion and, specifically on March 26, 2022, when Decedent was in obvious pain, having difficulty breathing and moving his arms for breath, all of which was ignored. On that date, at approximately 3:15, within minutes of his efforts to get help, Decedent fell to the floor unconscious, and thereafter, at approximately 3:28, Skyler lost his life.

29. After seeing Decedent on the floor, unconscious, defendants Travis, Bartol and Morrison took several seconds to call for help and took no independent action except to rub his chest. When help arrived it took 4-5 minutes for anyone to start CPR. A tube was placed in his throat which Plaintiff believes was done incorrectly and offered no help to her son's urgent needs. Naloxone (Narcan), which is used for drug overdoses, was given to Decedent multiple times through his nose. Decedent had no illicit drugs in his system, as was known by Defendants Travis, Bartol and Morrison, as well as all medical personnel then and there present. Narcan was not the proper treatment and in all likelihood may have hastened his demise.

## Count 1 – Section 1983
### Individual Liability of Defendants Travis, Bartol and Morrison

30. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1-29 as if set forth fully herein.

31. At all times herein each of the defendants acted under color of law.

32. Defendants Travis, Bartol and Morrison and other correctional officers or personnel were aware of Decedents medical problems and his obvious distress during his time of incarceration. Their failure to provide Decedent with proper medical care, whether through negligence, indifference, lack of training or intentionally, was not reasonable under the circumstances, and they either knew or should have known, that failure to provide Decedent with proper medical care posed excessive risk to his health and safety, thereby violating Skyler's Constitutional rights protected by the Eighth and Fourteenth Amendments.

33. As a direct and proximate result of these defendants' violations of Austin Skyler McMillan's constitutional rights, he did not receive adequate medical attention, suffered great pain and agony, and died needlessly.

34. Plaintiff is entitled to an award of all damages sustained by Austin Skyler McMillan, including the mental and physical suffering he endured before his death on March 26, 2022, the pecuniary value of his life and all medical and funeral expenses incurred.

35. Plaintiff is entitled to attorneys' fees, costs and expenses of this action under 42 U.S.C. Section 1988.

## Municipal Liability of Knox County, Tennessee

36. Plaintiff incorporates by reference all allegations contained in Paragraphs 1-35 as if set forth fully herein.

37. At all times material hereto, Austin Skyler McMillan, was an inmate in the custody of Knox County, Tennessee, and as such, had a right to adequate medical care and attention as secured by the Eighth and Fourteenth Amendments to the Constitution of the United States.

38. Acting under color of state law, officers, agents and employees of Knox County knew, or should have known of and disregarded the substantial risk of serious harm or death of Skyler, but acted with deliberate indifference to his serious medical needs.

39. In failing to act and provide Skyler with adequate medical care the Defendant's agents, employees and officers acted pursuant to the policies or customs of Knox County in denying inmates adequate and appropriate medical care.

## Count II -1983

40. The Defendant failed to properly train its officers, agents and employees in the proper response and treatment of inmates who needed emergency treatment, such as CPR, breathing ventilators, defibrillators and medication,

all of which resulted in and was the direct and proximate cause of Skyler's death.

41. The failure of Defendant to properly train its personnel as set forth above, amounts to deliberate indifference to the rights of its inmates, including Austin Skyler McMillan, a violation of his constitutional rights.

42. Plaintiff is entitled to an award of all damages sustained by Austin Skyler McMillan and Plaintiff, including the mental and physical suffering endured by Decedent Austin Skyler McMillan before his death, the monetary value of his life, plus all medical and funeral expenses incurred.

43. Plaintiff is entitled to attorneys' fees, costs and expenses of this action under 42 U.S.C. Section 1988.

## Prayer for Relief

**WHEREFORE,** Plaintiff respectfully prays for relief as follows:

1. That proper process issue and the defendants be required to answer this Complaint within the time required by the Federal Rules of Civil Procedure.

2. An award of compensatory damages in an amount as may be proven.

3. An award of punitive damages.

4. An award of reasonable attorneys' fees and costs.

5. Such other and further legal and equitable relief to which the Plaintiff may be entitled.

6. Plaintiff demands a jury to try this cause.

Filed this 27 day of March, 2023.

                                                    Respectfully submitted,

*/s/ Pamela Albretch*

Pamela Albretch, Attorney pro se
103 Red Bud
Knoxville, TN 37920
(865) 385-9917